IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICOLE SHERMAN**<br>2833 Blair Mill Road<br>Willow Grove, PA 19090<br><br>  Plaintiff,<br><br>**THE PENNSYLVANIA THOROUGHBRED HORSEMEN'S ASSOCIATION, INC. T/A THE PENNSYLVANIA THOROUGHBRED HORSEMEN'S ASSOCIATION**<br>2786 Galloway Road<br>Bensalem, PA 19020<br><br>  Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT**

1. This is an action for an award of damages, equitable relief, attorney's fees and other relief on behalf of Plaintiff, Nicole Sherman ("Plaintiff Sherman"), a former employee of Defendant Pennsylvania Thoroughbred Horsemen's Association, Inc., t/a Pennsylvania Thoroughbred Horsemen's Association ("Defendant PTHA"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

1

2. This action is brought under Title VII of the Civil Rights Act of 1964,including,but not limited to 42 U.S.C. §2000 et seq. as amended by the Civil Rights Act of 1991, 42 U.S.C.A. §12101 et seq. (Equal Opportunity for Individuals with Disabilities, and 42 U.S.C. §1981 (a) ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

II. **JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is in the district, pursuant to Title 28 U.S.C. §§1331 and 1391, and 42 U.S.C § 12101 e.t seq. of the Equal Opportunities for Individuals with Disability Act as well as the Civil Rights Act cited above.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Sherman's claim arising under the PHRA and Pennsylvania law.

5. All conditions precedent to the institution of this suit have been fulfilled. On March 23, 2021 a Notice of Right to Sue was issued by the Pennsylvania Human Relations Commission pursuant to a dual filing with the PHRC and the United States Equal Opportunity Commission more than one year ago, and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Sherman has satisfied all other jurisdiction prerequisites to the maintenance of this action, including the fact this action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C 1391(b) because this claim arose in this judicial district and Plaintiff was employed by Defendant in this jurisdiction.

### III.   PARTIES:

7. Plaintiff, Nicole Sherman ("Nikki Sherman") is a 36-year-old female and citizen of the Commonwealth of Pennsylvania residing at 2833 Blair Mill Road, Willow Grove, PA  19090.

8. Defendant, Pennsylvania Thoroughbred Horsemen's Association, Inc. t/a Pennsylvania Thoroughbred Horsemen's Association ("PTHA") is a Pennsylvania Non-Profit maintaining a place of business at 2786 Galloway Road, Bensalem, PA  19020.

9. At all times relevant hereto Defendant PTHA was acting through its agents, servants and employees who acted within the scope of their authority, course of employment and under the direct control of the Defendant PTHA.

10. At all times material herein Defendant PTHA has been a "person" and an "employer" as defined under the Equal Opportunity for Individuals with Disability Act, Title VII and the PHRA, and Plaintiff Nikki Sherman was an "Employee" and entitled to the protection of the provisions of each said Act.

## IV.  STATEMENT OF FACTS:

11. Nikki Sherman began employment with the Defendant PTHA in July of 2013 until approximately January 8 of 2020, the date of her unlawful termination. During the course of her employment, she held the position of Marketing and Publicity Director.

12. Nikki Sherman was qualified for her employment positions, as she was appropriately educated, an experienced marketing director, an accomplished Equestrian and a Professional Photographer, prior to her employment with PTHA.

13. At all times Nikki Sherman maintained a satisfactory job performance rating, and in fact received numerous pay raises including a promised pay raise within two weeks of her termination.

14. Despite her loyalty and consistent performance, Nikki Sherman was subjected to an atmosphere of discriminatory conduct both because she was a female, and because she suffered a disability

15. While Nikki Sherman was otherwise capable of performing all of her duties, she informed Defendant PTHA at the time she was employed, as well as repeatedly throughout her employment, that she suffered from certain specific anxiety disorders and difficulty dealing in certain social situations which might occasionally occur at work.

16. After informing her employer of her disability, her superior, Michael Ballezzi, ("Ballezzi") the Executive Director of Defendant PTHA, began demanding Nikki Sherman perform tasks intentionally designed to exacerbate her anxiety, repeatedly informing her that the only way to overcome her disability was to deal with it "head-on". He also repeatedly intimated the fact she was female was also a problem and she should "toughen up".

17. Throughout her employment at the PTHA, Nikki Sherman faced a regular and repeated onslaught of belittlement, harassment, high-stress situations designed to trigger her perceived "weaknesses", and public humiliation in front of her co-workers.

18. In 2017, after repeated discussions with her employer about her disabilities and his treatment of female employees, Nikki Sherman began documenting her concerns and desires for an appropriate accommodation, as well as reiterating her prior requests for an accommodation. Specifically, these accommodation requests were made to Ballezzi, , as well as one Connie Youmans.

19. Both before and up to the time that Nikki Sherman began documenting the nature, extent and accommodations requested, the Defendant PTHA refused to address the issues raised, and in fact continued to actively exacerbate them.

20. Nikki Sherman, tried desperately, both orally and in writing to repeatedly explain to her employer that despite the fact her disability involved certain major life activities, such as sleeping, speaking, breathing, learning, concentrating, thinking and

communicating, she was, and considered herself capable of performing her job, and in fact described it as a "dream job", and she merely desired to perform optimally.

21. Defendant PTHA, specifically through their Executive Director, Ballezzi, continually refused to make any accommodations for Plaintiff Sherman, and in fact began an even longer, more focused, mean-spirited, and intentional program of demeaning, debilitating, isolating and punishing Nikki Sherman, reiterating the fact that she was a female and needed to toughen-up.

22. In one particularly cruel example, Ballezzi informed Plaintiff Sherman that, due to her disability, he decided to isolate her in an office apart from every other employee, located in a different part of the building, so she would "toughen-up", which heightened the fact to every other employee that Nikki Sherman was disabled and should be treated as "lesser", and caused her increased anxiety and humiliation.

23. After isolating Nikki Sherman and humiliating her in front of her co-workers, Ballezzi berated her, informed her repeatedly that he himself had anxiety, and that the way to deal with it was simply to "guts it out", and no need for any accommodation existed.

24. As the situation worsened, Plaintiff Sherman attempted to work around certain particular events that severely heightened her anxieties and exacerbated her disability (such as the occasional Equestrian related celebrations, gatherings or award

shows that occurred) and suggested numerous means of accommodation – all of which were refused by Defendant PTHA.

25.   At one point, Ballezzi actually told her he would push her so hard that she would end up in the Hospital – and that would be OK with him

26.   On January 7, 2020 Ballezzi, called Plaintiff Sherman into his office, shut the door and began belittling and berating her until she began experiencing a panic attack and burst into tears.  At this point, Ballezzi insisted (yet again) that she should push herself to overcome her disability and did not need, nor would he provide an accommodation.  In fact, he insisted she perform the very  tasks which caused her anxiety without accommodation in order to surmount her disability.

27.   At the end of Ballezzi's tirade, Plaintiff Sherman left his office in tears. The next afternoon, Plaintiff Sherman was informed that she was being terminated for allegedly doing work for "other people on company time". Upon dismissal the Defendant retained her personal hard drives and Photographs which were copyrighted and belonged exclusively to her.

28.   Plaintiff Sherman had received neither a warning, any indication that she had violated any company policies or that her conduct was any different than the activities performed by other employees with the full knowledge and consent of her employer.

29. The reason given to Nikki Sherman for her termination was false, and a pretext for discrimination, harassment and retaliation.

30. Her employer refused to allow her to clean out her personal belongings, including her personal hard-drives which have copyrighted pictures she took as a professional photographer.

31. Sherman believes that her termination was motivated by discrimination on the basis of her gender and her disability, and because of its timing and other suspicious circumstances, in retaliation for her complaints about that discrimination and harassment. She also is aware that Ballezzi had a history of harassing other female employees who worked under his direction.

32. Defendant discriminated against and harassed Sherman because of her gender and her disability, and retaliated against her because of her complaints about discrimination and harassment in violation of Title VII, 42 U.S.C.A §1981 and Title 42 U.S.C.A. §12101 et seq., The Equal Opportunity for Individuals with Disability Act and the corresponding sections of the PHRA.

33. The above violations were willful, Defendants knew they violated the above-mentioned Acts, and the PHRA and/or acted with reckless disregard as to whether their actions violated the above sections of Title VII and the PHRA.

34. Nikki Sherman suffered financial losses and economic harm as a direct and proximate result of the actions and inactions of Defendant PHRA.

51. Nikki Sherman has suffered, and continues to suffer severe emotional distress and mental anguish as a proximate result of the actions and inactions of Defendant.

36. Defendant and his agents acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Sherman severe emotional distress and mental anguish.

## COUNT I

## (Violation of Equal Opportunity for Individuals with Disability Act, 42 U.S.C. §12101 et seq.)

37. Plaintiff Sherman incorporates by reference paragraphs 1 through 36 of her Complaint as though fully set forth herein.

38. Based upon the foregoing, Defendant PTHA has engaged unlawful employment practices in violation of the Equal Opportunity for Individuals with Disability Act.

39. In discriminating against and harassing Nikki Sherman because of her disability, in failing to provide reasonable accommodations for her disability, and in retaliating against her because of her complaints about the nature of this discrimination and harassment, and in terminating Sherman, Defendant PTHA violated the Equal Opportunity for Individuals with Disability Act.

40. Said violations were intentional and willful.

41. Said violations warrant the imposition of punitive damages.

42. As a direct and proximate result of Defendant's violations of 42 U.S.C. §§12101, et seq. Nikki Sherman has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, along with and/or in addition to the damages set forth herein.

43. Nikki Sherman is now suffering and will continue to suffer irreparable harm and monetary damages as a result of the Defendant's actions, unless and until this Court grants the relief requested herein.

## COUNT II

### (Title VII – Sex Discrimination)
### Plaintiff Sherman v. the Defendant

44. Plaintiff Sherman incorporates by reference paragraphs 1 through 43 of her Complaint as though fully set forth at length herein.

46. The actions of the Defendant PTHA, through its agents, servants and employees, in subjecting Plaintiff Sherman to discrimination based on her sex (female) constituted a violation of Title VII.

46. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant PTHA in violation of Title VII, Nikki Sherman sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

47. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant PTHA in violation of Title VII, Nikki Sherman suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III

**(PHRA - Sex Discrimination)**
**Plaintiff Sherman v. the Defendant**

48. Plaintiff Nikki Sherman incorporates by reference paragraphs 1 through 47 of her Complaint as though fully set forth at length herein.

49. The actions of the Defendant PTHA, through its agents, servants and employees, in subjecting Plaintiff Sherman to discrimination based on her sex (female) constituted a violation of PHRA.

50. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant PTHA in violation of PHRA, Nikki Sherman

sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

51.  As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant PTHA in violation of PHRA, Plaintiff Sherman suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

52.  Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

WHEREFORE, Plaintiff Nikki Sherman respectfully requests that this Court enter judgment in her favor and against Defendant PTHA:

a.  Declaring that the acts and practices complained of herein violate Title VII;

b.  Declaring that the acts and practices complained of herein violate Section 42 USC § 1981;

c.  Declaring that the acts and practices complained of herein violates 42 U.S.C. §12101 et seq. of the Equal Opportunity for Individuals with Disability Act;

    d.    Declaring that the acts and practices complained of herein violate the PHRA;

    e.    Compensating the Plaintiff with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation.

    f.    Compensating Plaintiff for the retaliatory conduct of the PHRA

    g.    Paying Plaintiff liquidated damages equal to the sums set forth above.

    h.    Paying Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

    i.    Paying Plaintiff pre- and post-judgment interest, costs of suit and Attorney and expert witness fees as allowed by law;

    j.    Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff Sherman hereby demands trial by jury as to all issues so triable.

Date: _May 27, 2021

        /S/ JOSEPH A CAPRARA
JOSEPH A. CAPRARA, ESQUIRE
ATTORNEY FOR PLAINTIFF

Case 2:21-cv-02416-CDJ   Document 1   Filed 05/27/21   Page 14 of 15

## **VERIFICATION**

I, Nicole Sherman, hereby state that I am the Plaintiff in the above matter and the statements made in this Complaint are true and correct to the best of my information, knowledge and belief.

I understand that the statements made in this Verification are subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsifications to authorities.

Dated: May 25, 2021

*Nicole A. Sherman*
NICOLE SHERMAN